1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL MITCHUM,                      No.  2:16-cv-1068-MCE-EFB P

12               Plaintiff,

13        v.                               ORDER GRANTING IFP AND DISMISSING
                                           COMPLAINT PURSUANT TO 28 U.S.C. §
14   HONEA, et al.,                        1915A

15               Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis (ECF No.

18   17) in an action brought under 42 U.S.C. § 1983.

19   **I.    Screening Requirement and Standards**

20        Federal courts must engage in a preliminary screening of cases in which prisoners seek

21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

23   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

24   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

25   relief."  *Id.* § 1915A(b).

26        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

27   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

28   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

1

1  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
2  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
3  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
4  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
5  U.S. 662, 679 (2009).

6      To avoid dismissal for failure to state a claim a complaint must contain more than "naked
7  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
8  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of
9  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
10  678.

11      Furthermore, a claim upon which the court can grant relief must have facial plausibility.
12  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual
13  content that allows the court to draw the reasonable inference that the defendant is liable for the
14  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a
15  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
16  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
17  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

18  **II.    Screening Order**

19      Plaintiff alleges that he was incarcerated at the Butte County Jail from approximately
20  November 15, 2015 until mid-February of 2016.  ECF No. 22 at 5.  He claims that, during that
21  time, plumbing leaks caused a puddle to form in the middle of his cell.  *Id*. at 5-6.  He alleges that
22  the puddle – which he describes as containing toilet water, urine, and fecal matter – caused foul
23  odors to waft through his cell.  *Id*. at 6.  He also claims that he slipped more than once on this
24  puddle causing him to injure his knee.  *Id*. at 7, 14.  Plaintiff appears to contend that the named
25  defendants violated his Eighth Amendment rights by failing to adequately fix the leak or move
26  him to a different cell.

27      The Eighth Amendment forbids inhumane conditions of confinement.  *Morgan v.*
28  *Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Only extreme deprivations will give rise to a

2

1  cognizable conditions of confinement claim, however. *Hudson v. McMillian*, 503 U.S. 1, 9

2  (1992) (citations and quotations omitted). To sustain such a claim a prisoner must show that "the

3  prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and

4  that "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391

5  F.3d 1051, 1057 (9th Cir. 2004). A defendant acts with deliberate indifference only where he

6  "knows of and disregards an excessive risk to inmate health and safety." *Id*. Under this standard

7  "the official must both be aware of facts from which the inference could be drawn that a

8  substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*,

9  511 U.S. 825, 837 (1994). Negligence, even gross negligence, is not equivalent to deliberate

10  indifference. *Lemire v. Cal. Dep't of Corr. & Rehab*., 726 F.3d 1062, 1082 (9th Cir. Cal. 2013)

11  (discussing deliberate indifference in the context of inmate medical care).

12      The court concludes that the allegations in plaintiff's complaint, viewed in the light most

13  favorable to him, while troubling, fail to demonstrate that any of the named defendants acted with

14  deliberate indifference. By his own allegations, the jail staff attempted to respond to his

15  complaints.

16      Plaintiff alleges that he submitted an inmate request regarding the plumbing leak "on or

17  about" January 16, 2016. ECF No. 22 at 7. Prison officials responded to this request on January

18  18, 2016 and informed plaintiff that the issue was on the prison maintenance log. *Id*. Plaintiff

19  filed a grievance on January 20 regarding this same issue and, on January 21, maintenance

20  workers attempted to fix the leak. *Id*. at 7-8. Plaintiff alleges that this maintenance work did not

21  fix the leak, but he acknowledges that maintenance continued to work on the problem on three

22  separate occasions, first on January 25 and again on two unspecified dates between January 26

23  and February 10. *Id*. at 10-11. These repeated attempts to fix the leak, though plaintiff avers that

24  each was unsuccessful, weigh strongly against a finding that the defendants knew of and

25  disregarded an excessive risk to his safety. Plaintiff's allegations also indicate that several of the

26  defendants came to his cell on a number of occasions in order to ascertain whether the problem

27  had been resolved. *Id*. at 9, 11, 13. These efforts also militate against a finding of deliberate

28  indifference.

Plaintiff's claims for slip and fall injuries also fail to state a cognizable Eighth Amendment claim.[1]  Courts have routinely held that slip and fall injuries do not give rise to cognizable constitutional claims and instead sound in negligence.  *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (holding that slippery prison floors "do not state even an arguable claim for cruel and unusual punishment.");  *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, a slip and fall, without more, does not amount to cruel and unusual punishment . . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." (internal quotations, brackets and citation omitted));  *Aaronian v. Fresno County Jail*, 2010 U.S. Dist. LEXIS 137724, 2010 WL 5232969, at *2 & *3 (E.D. Cal. 2010) (claim that plumbing leak caused plaintiff to fall did not raise a cognizable conditions of confinement claim).

To be sure, deliberate indifference to conditions known to present a danger of a slip and fall might support and Eighth Amendment claim.  The Ninth Circuit has held that slippery floors could give rise to a constitutional claim in the case of an inmate who was on crutches and had fallen several times.  *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998).  In *Frost*, the appellate court described the facts as follows:

> In his complaint, Frost claims that the conditions of his confinement resulted in further injury to his leg. For example, he alleges that he had difficulty showering because he was unable to maneuver his crutches on the slippery bathroom floor and over the wall surrounding the shower. As a result, he often fell on his injured leg. Although jail officials placed Frost in the handicapped housing unit for a brief duration, he later was returned to a cell that lacked adequate handicapped shower facilities. Moreover, he asserts that he slipped several times as he attempted to carry his food-tray while balancing himself on crutches.

*Id*. at 1127.  But the present allegations are distinguishable from *Frost* insofar as plaintiff does not claim that he was hampered by any movement disability of which defendants were aware.  Even taking plaintiff's claims that he fell twice into account, his complaint simply does not rise to the

---

[1] It is unclear whether plaintiff is, in addition to his conditions of confinement claims, attempting to bring a claim based on denial or delay of medical care for these injuries. Regardless, none of the defendants are alleged to have any involvement in his medical care. Additionally, plaintiff's allegations do not articulate any specific complaints against the prison medical staff that examined him after both falls.  ECF No. 22 at 11, 15.

1     magnitude of the violations alleged in *Frost*.  Further, as noted, plaintiff's own allegations

2     indicate that jail staff were not ignoring the problem.

3         Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable

4     legal theory against a proper defendant and sufficient facts in support of that cognizable legal

5     theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must

6     afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

7     Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set

8     forth the claims and allegations against each defendant. Any amended complaint must cure the

9     deficiencies identified above and also adhere to the following requirements:

10         Any amended complaint must identify as a defendant only persons who personally

11     participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

12     *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

13     constitutional right if he does an act, participates in another's act or omits to perform an act he is

14     legally required to do that causes the alleged deprivation).

15         It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

16         Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George*

17     *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

18         Any amended complaint must be written or typed so that it so that it is complete in itself

19     without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

20     complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

21     earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

22     F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

23     being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

24     1967)).

25         The court cautions plaintiff that failure to comply with the Federal Rules of Civil

26     Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

27     *See* E.D. Cal. Local Rule 110.

28     /////

Accordingly, it is ORDERED that the amended complaint (ECF No. 22) is dismissed with leave to amend within 30 days.  The complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint."  Failure to comply with this order will result in dismissal of this action for failure to prosecute.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED:  March 28, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE